UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NICKIE SPILLERS** | **CIV. ACTION NO. 3:21-00762** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA PHS, L.L.C., ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANUM ORDER**

Before the Court is a Motion in Limine to Exclude Defendants' Alterations to the Preliminary Deposition 30(b)(6) [Doc. No. 34] filed by Plaintiff Nickie Spillers ("Spillers"). The Defendants, Louisiana PHS L.L.C., ("La. PHS") and Provider Health Services, L.L.C. ("PHS") filed an Opposition [Doc. No. 42] on November 22, 2021. For the reasons set forth herein, Spillers' Motion in Limine is **DENIED.**

**I.    BACKGROUND**

Spillers, a Nurse Practitioner ("NP") asks this Court to certify this matter as a Fair Labor Standards Act ("FLSA") collective action against Defendants on behalf of herself and similarly situated NPs who worked in Louisiana and other states. The issue presented here is whether Fed. R. Civ. P. 30(e) allows a witness deposed, to make substantive changes to the deposition testimony by errata sheets, within thirty days after the corrected transcript of the deposition had been completed.

The deposition of Dennis Simoneaux ("Simoneaux"), Defendants' corporate representative, was taken on August 12, 2021[1]. On August 25, 2021, the Court Reporter

---

[1] [Doc. No. 34-2].

provided a copy of the deposition transcript via email[2]. On September 21, 2021, the Court Reporter sent an email to all counsel indicating that Simoneaux would like the opportunity to read and sign his deposition and asked if there were any objections. Counsel for Spillers indicated there were no objections.[3] On September 24, 2021, the Court Reporter again sent the transcript of the deposition indicating it was "corrected with Deponent, Read and Signed," indicating that the witness certification was sent along with the deposition transcript.[4] On October 21, 2021, the Court Reporter sent a letter to Spillers' counsel attaching the errata sheets showing the changes made by Simoneaux.[5]

## II.  LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 30(e) addresses review of a deposition by a deponent. It states:

(e)  Review by the Witness; Changes,

    (1)  *Review: Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

        (A)  to review the transcript or recording; and

        (B)  if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

    (2)  *Changes Indicated in the Officer's Certificate*. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

There are several preliminary issues to be addressed in this motion prior to determining whether substantive changes can be made to a deposition after the deposition is taken.

---

[2] [Doc. No. 34-3].
[3] [Doc. No. 34-4].
[4] [Doc. No. 35-5].
[5] [Doc. No. 35-6].

### A. Preliminary Issues of Timeliness

First, Rule 30(e)(1) requires that the request to allow changes by a deponent is to be made before the deposition is completed. Rule 30(e)(2) requires the court reporter to note in the certificate whether a review was requested. However, neither of these were done. Additionally, Simoneaux was not questioned whether a review was requested. Rule 30(e)(1) allows a deponent thirty days after the transcript is available to make changes.

This Court has found no cases directly addressing these specific issues, however, since Simoneaux was not notified as to his right to review the deposition, the only fair thing to do is find that Simoneaux's request to review, and/or read and sign his deposition on September 21, 2021, was timely since it was within thirty days of the transcript being completed and also because there was no objection by Spillers.

The Court Reporter then sent the witness certification and the transcript to Simoneaux on September 24, 2021. Simoneaux returned the signature and errata sheets prior to October 21, 2021. Because Simoneaux's errata sheets were returned within thirty days of the date the witness certification and transcript were sent to Simoneaux, this Court finds the return by Simoneaux of the errata sheets was timely.

### B. Substantive Changes

The parties dispute whether Simoneaux is allowed to make substantive changes to his deposition. Both sides cite cases on either side of this issue. The cases cited by Spillers (that don't allow substantive changes), appear to be the minority view. The cases cited by LA PHS and PHS (that allows substantive changes to be made), appear to be the majority view.

After reviewing the cases cited, this Court adopts the majority view set forth in *Poole v. Gorthon Lines AB*, 908 F. Supp. 2d 778 (W.D. La. October 4, 2012); and in *Medine v. Horseshoe Entertainment*, No. 05-0097, 2006 WL 2038057 (W.D. La. July 19, 2006). The majority view, which allows substantive changes to be made by the deponent within the time limits set forth in Rule 30(e) is consistent with the wording of Rule 30(e)(1)(B), to make "changes in the form or substance."

### III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Spillers' Motion in Limine to Exclude Defendant's Alterations to the 30(b)(6) Preliminary Deposition [Doc. No. 34] is **DENIED**.

**MONROE, LOUISIANA**, this 20th day of December 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

4