# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **NICKIE SPILLERS,** | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | **3:21-cv-00762-TAD-KDM** |
| | § | |
| **VERSUS** | § | **DISTRICT JUDGE** |
| | § | **TERRY A. DOUGHTERY** |
| | § | |
| **LOUISIANA PHS, LLC, and PROVIDER** | § | **MAGISTRATE JUDGE** |
| **HEALTH SERVICES, LLC,** | § | **KAYLA D. McCLUSKY** |
| **Defendants.** | § | |
| | § | **COLLECTIVE ACTION** |

---

## DEFENDANT CENTRAL CONTROL LLCS' ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**COMES NOW** Defendant Central Control LLC and responds to Plaintiff's First Amended Complaint (Doc. 60) ("FAC"), by denying each and every allegation contained therein, unless specifically admitted to, and further responding as follows:

## AFFIRMATIVE OR OTHER DEFENSES

Continuing with its Answer, Defendant asserts the following affirmative or other defenses:

## FIRST DEFENSE

At all material times, Defendant acted in good faith belief that it was in compliance with all applicable statutes concerning payment of wages and compensation. Defendant followed common industry practice and acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement, or judicial decisions pursuant to 29 U.S.C. §§ 258, 259, or other applicable authority.

## SECOND DEFENSE

At no time did Defendant pay Plaintiff or pay Plaintiff in a manner known or believed to violate any applicable FLSA requirements, nor did Defendant compensate Plaintiff in willful disregard of any applicable FLSA requirements.

## THIRD DEFENSE

Plaintiff's FLSA claims must be commenced within two years after the claims accrued because any purported violation was not willful.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent any Plaintiff is exempt from the minimum wage and/or overtime pay provisions of the FLSA pursuant to one or more exemptions under 29 U.S.C. §213, including as to any Plaintiff employed in a bona fide executive, administrative, or professional capacity.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent any Plaintiff is exempt from the minimum wage and/or overtime pay provisions of the FLSA pursuant 29 C.F.R. §541.301.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable limitation periods.

## SEVENTH DEFENSE

This case is not appropriate for collective action because the common issues in the case are insignificant compared to the individual facts particular to Plaintiff and to the purported collective action members.

## EIGHTH DEFENSE

Plaintiff's claims may be barred and/or reduced, in whole or in part, by certain credits,

offsets, and recoupment permissible under the FLSA.

## NINTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH DEFENSE

Plaintiff has been fully compensated for all hours worked and for all overtime, if applicable, in accordance with the requirement of the FLSA.

## ELEVENTH DEFENSE

Although Defendant denies that it has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the de minimis doctrine, which Defendant invokes.

## TWELFTH DEFENSE

This action may not be certified (conditionally, permanently or otherwise) or maintained as a collective action or class action under the Fair Labor Standards Act, Federal Rule of Civil Procedure 23, or any other rule/law. No part of this action may be properly maintained as a collective or class action, and insofar as the same is intended to be maintained as a collective or class action, it should be dismissed.

## THIRTEENTH DEFENSE

A collective or class action would lack control and manageability and would not promote judicial efficiency.

## FOURTEENTH DEFENSE

Plaintiff is not similarly situated to the putative class she seeks to represent and/or is not adequate class representative, and others do not wish to join this lawsuit.

**FIFTEENTH DEFENSE**

Plaintiff's claims and those of the putative class are subject to individualized defenses, and maintenance of this matter as a collective action would violate Defendant's rights to raise these defenses, deprive Defendant of due process, and violate the Rules Enabling Act.

**SIXTEENTH DEFENSE**

A collective or class action is not appropriate because dissimilar and individual questions of liability and damages predominate over common questions of fact and law; typicality, commonality, numerosity and adequacy of representation cannot be satisfied; and a collective action is not superior to other available methods of fairly and efficiently adjudicating this matter.

**SEVENTEENTH DEFENSE**

Some or all of Plaintiff's state law claims are preempted by the FLSA or otherwise.

**EIGHTEENTH DEFENSE**

Some or all of Plaintiff's state law claims are barred by the applicable statutes of limitations.

**NINTEENTH DEFENSE**

Some or all of Plaintiff's claims and/or the putative class's claims are barred by the doctrines of waiver, justification, ratification, consent, payment, equitable estoppel, and/or acquiescence.

**TWENTIETH DEFENSE**

Some or all of the non-Louisiana putative class's claims are barred to the extent this Court lacks jurisdiction over those claims.

**TWENTY-FIRST DEFENSE**

Defendant had no contractual or employment relationship with Plaintiff or any other nurse

practitioner.

## TWENTY-SECOND DEFENSE

Any alleged injury or damages claimed by Plaintiff was not caused by any act or omission of Defendant.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for minimum wage or overtime or liquidated damages is barred, in whole or in part, because Defendant did not pay Plaintiff in any manner whatsoever.

Defendant reserves the right to amend this answer by adding defenses, exceptions, counterclaims, cross-claims, or by instituting third party demands as additional facts are obtained through investigation and discovery. Defendant preserves, and does not waive, any affirmative defenses or any other matter constituting an avoidance or affirmative defense that discovery may reveal to be applicable.

## ANSWER TO ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

1.      Defendant admits that Plaintiff is a Nurse Practitioner ("NP") and was contracted to provide medical treatment to nursing facility residents. Defendant further admits that Plaintiff has brought a claim for alleged unpaid wages, fines and penalties. Defendant denies the remaining allegations contained in Paragraph 1 of the FAC.

2.      Defendant denies the allegations contained in Paragraph 2 of the FAC.

3.      Defendant acknowledges Plaintiff has brought this action on behalf of herself and seeks to include other Nurse Practitioners. Defendant contends this action is not appropriate for a collective action. Defendant further denies the remaining allegations contained in Paragraph 3 of the FAC.

4.      Defendant acknowledges Plaintiff has brought this action on behalf of herself and

seeks to include other Nurse Practitioners ("NPs"). Defendant contends this action is not appropriate for a class action. Defendant further denies the remaining allegations contained in Paragraph 4 of the FAC.

## II.  JURISDICTION AND VENUE

5.      Defendant acknowledges this Court has jurisdiction over the claims brought by Plaintiff under the FLSA, but Defendant denies the Court would have jurisdiction over non-Louisiana Defendants as to claims by individuals who worked outside the State of Louisiana. Defendant denies the remaining allegations contained in Paragraph 5 of the FAC.

6.      Defendant admits this Court has jurisdiction over it and that venue would be appropriate based on Plaintiff's claims. Defendant denies venue would be appropriate for any non-Louisiana Defendant as to any out-of-state putative class member and the remaining allegations contained in Paragraph 6 of the FAC.

## III.      PARTIES

### A.  Plaintiffs

7.      Defendant admits Plaintiff is a citizen of the USA and worked for Louisiana PHS Services from May 25, 2020, until November 16, 2020, as a Nurse Practitioner. Defendant further admits Plaintiff performed medical services as a Nurse Practitioner to Louisiana PHS's clients at long-term care facilities.  Defendant admits Louisiana PHS, LLC, Provider Health Services, LLC, TTS Holdings, LLC and Central Control, LLC, all have their principal place of business in the Western District of Louisiana.  Defendant denies the remainder of the allegations in Paragraph 7 in the FAC as written.

8.      Defendant admits that Louisiana PHS employs Nurse Practitioners to provide medical services to its clients at long-term care facilities, and that Louisiana PHS employed

approximately 90 NPs in Louisiana during the relevant time period.  Defendant admits NPs often worked from their homes or the client's facilities, and that NPs provided medical services pursuant to their individual contracts. Defendant denies the remainder of the allegations in Paragraph 8 of the FAC as written.

9.      The allegations contained in Paragraph 9 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies Plaintiff's claims as asserted.

10.     The allegations contained in Paragraph 10 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies Plaintiff's claims as asserted.

11.     The allegations contained in Paragraph 11 of the FAC contain legal conclusions which do not require a response from Defendant.

**B.  Defendants**

12.     Defendant admits that Louisiana PHS, LLC, is a Louisiana limited liability company domiciled in Baton Rouge, Louisiana, at 1509 Dulles Drive, Lafayette, LA 70506, and has two members: Provider Health Services, LLC and Nicole Howard.  Louisiana PHS has contracts with NPs to provide medical services in the state of Louisiana.  Louisiana PHS admits it paid Plaintiff her wages.  Defendant denies the remainder of the allegations in Paragraph 12 of the FAC as written.

13.     Defendant admits that Provider Health Services, LLC, is a Delaware limited liability company authorized to do business in Louisiana, and has a principal office at 1509 Dulles Drive, Lafayette, Louisiana 70506, and had members: TTS Holdings, LLC, Mark Smith, and James Clinton.  Defendant admits Provider Health Services provides on-boarding services for NPs,

and provides clinical education and management services to other entities that employ NPs in Louisiana, Alabama, Arkansas, Mississippi, Kentucky, Texas, Tennessee, South Carolina, West Virginia, Massachusetts and Georgia.  Defendant denies the remainder of the allegations in Paragraph 13 of the FAC as written.

14.     Defendant admits that Central Control, L.L.C. ("Central Control"), is a Louisiana limited liability company, and has a principal office at 4333 Shreveport Hwy., Pineville, LA 71360.   Defendant admits Central Control was a healthcare management company that provided services to operationally support and manage Provider Health Services pursuant to certain Management Agreements.  Defendant denies the remainder of the allegations in Paragraph 14 of the FAC as written.

15.     Defendant admits that TTS Holdings, LLC, had a majority interest in Provider Health Services, and is a Louisiana limited liability company, with a principal office at 4333 Shreveport Hwy., Pineville, LA 71360.   Defendant admits that Mr. Simoneaux was also a management employee of Central Control and Provider Health Services, was deposed as the 30(b)(6) representative of Provider Health Services, and signed employment agreements with certain NPs.  Defendant admits that Ms. Howard also signed some employment agreements with certain NPs.  Defendant denies the remainder of the allegations contained in Paragraph 15 of the FAC as written.

## IV.     FACTUAL BACKGROUND

### A.  Defendants Hired Ms. Spillers and Provided Limited Training and Onboarding.

16.     Defendant admits Plaintiff is a Nurse Practitioner. Defendant denies the remainder of the allegations in Paragraph 16 of the FAC as written.

17.     Defendant admits Plaintiff was offered employment by Louisiana PHS on May 21,

2020, and began working for Louisiana PHS as a NP on June 1, 2020. Defendant denies the remainder of the allegations in Paragraph 17 of the FAC as written.

18.     Defendant admits Plaintiff attended orientation on May 26-28, 2020, as a paid contractor. Defendant further admits the orientation also included the Electronic Medical Record program and HR information. Defendant denies the remainder of the allegations in Paragraph 18 of the FAC as written.

19.     Defendant denies the allegations in Paragraph 19 of the FAC as written.

**B. Defendants Required Ms. Spillers to Sign an Employment Agreement.**

20.     Defendant denies the allegations in Paragraph 20 of the FAC as written, and contend the documents referenced are the best evidence of what the terms contain.

21.     Defendant denies the allegations in Paragraph 21 of the FAC as written, and contend the documents referenced are the best evidence of what the terms contain.

22.     Defendant denies the allegations in Paragraph 22 of the FAC as written, and contend the documents referenced are the best evidence of what the terms contain.

23.     Defendant denies the allegations in Paragraph 23 of the FAC as written, and contend the documents referenced are the best evidence of what the terms contain.

24.     Defendant denies the allegations in Paragraph 24 of the FAC as written, and contend the documents referenced are the best evidence of what the terms contain.

25.     Defendant denies the allegations in Paragraph 25 of the FAC as written.

**C. Ms. Spillers Worked More Than 40 Hours Per Week and Was Not Paid Overtime.**

26.     Defendant denies the allegations in Paragraph 26 of the FAC as written.

27.     Defendant denies the allegations in Paragraph 27 of the FAC as written.

28.     Defendant denies the allegations in Paragraph 28 of the FAC as written.

29.     Defendant admits Plaintiff was expected, as with any other primary care provider responsible for the care of patients, to complete the documentation of her encounters in structured notes for the benefit of patient continuity of care, including the provision of information critical to Nursing Facility staff and nurses to be aware of and to execute as orders in the Nursing Facility. Defendant denies the remainder of the allegations in Paragraph 29 of the FAC as written.

30.     Defendant admits Plaintiff was required to participate in the New Hire Mentorship program, one-hour educational session per week for 12-weeks. Defendant denies the remainder of the allegations in Paragraph 30 of the FAC as written.

31.     Defendant denies the allegations in Paragraph 31 of the FAC as written.

32.     Defendant denies the allegations in Paragraph 32 of the FAC as written.

33.     Defendant denies the allegations in Paragraph 33 of the FAC as written.

34.     The allegations contained in Paragraph 34 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies Plaintiff's allegations as asserted.

35.     Defendant denies the allegations in Paragraph 35 of the FAC as written.

**D. Defendants Failed to Properly Calculate Ms. Spillers' Wages and Withheld Earned Wages.**

36.     Defendant denies the allegations in Paragraph 36 of the FAC as written.

37.     Defendant admits Plaintiff was reminded by her supervisors to complete her progress notes on her patients, and that one of her supervisors was Stacy Durr, an employee of Provider Health Services. Defendant denies the remainder of the allegations in Paragraph 37 of the FAC as written.

38.     Defendant denies the allegations in Paragraph 38 of the FAC as written.

39.     Defendant admits Plaintiff notified Ms. Durr that she was resigning effective

December 11, 2020.  Defendant denies the remainder of the allegations in Paragraph 39 of the FAC as written.

40.     Defendant denies the allegations in Paragraph 40 of the FAC as written.

41.     Defendant denies the allegations in Paragraph 41 of the FAC as written.

42.     Defendant denies the allegations in Paragraph 42 of the FAC as written.

43.     Defendant denies the allegations in Paragraph 43 of the FAC as written.

44.     Defendant denies the allegations in Paragraph 44 of the FAC as written.

45.     Defendant denies the allegations in Paragraph 45 of the FAC as written.

46.     Defendant admits Plaintiff's resignation was accepted and her last date worked was November 16, 2020, and that Debbie Genereaux is Director of Human Resources for Provider Health Services. Defendant denies the remainder of the allegations in Paragraph 46 of the FAC as written.

47.     Defendant denies the allegations in Paragraph 47 of the FAC as written.

48.     Defendant denies the allegations in Paragraph 48 of the FAC as written.

49.     Defendant denies the allegations in Paragraph 49 of the FAC as written.

50.     Defendant denies the allegations in Paragraph 50 of the FAC as written.

51.     Defendant admits Plaintiff was asked to clarify her incomplete progress notes by Ms. Durr.  Defendant denies the remainder of the allegations in Paragraph 51 of the FAC as written.

52.     Defendant admits Plaintiff was provided with an accounting of her compensation on December 7, 2020, by Ms. Genereaux, and asserts that the document is the best evidence. Defendant denies the remainder of the allegations in Paragraph 52 of the FAC as written.

53.     Defendant admits Plaintiff sent a letter to Ms. Genereaux on December 13, 2020, asserting alleged pay due and other allegations, and asserts that the document is the best evidence.

Defendant denies the remainder of the allegations in Paragraph 53 of the FAC as written.

54.     Defendant admits Plaintiff sent a letter to Ms. Durr on December 13, 2020, asserting alleged pay due and other allegations, and asserts that the document is the best evidence. Defendant denies the remainder of the allegations in Paragraph 54 of the FAC as written.

55.     Defendant denies the allegations in Paragraph 55 of the FAC as written.

**E.  Coverage Under the FLSA**

56.     The allegations contained in Paragraph 56 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant admits Central Control was an employer under the FLSA.

57.     Defendant denies the allegations contained in Paragraph 57 of the FAC.

58.     Defendant admits that Central Control, for a time, provided management services, compliance and accounting to Provider Health Services through a Management Services Agreement, and asserts that the document is the best evidence.  Defendant denies the remainder of the allegations in Paragraph 58 of the FAC as written.

59.     Defendant admits that Central Control, for a time, provided management services, compliance and accounting to Provider Health Services through a Management Services Agreement, and assert that the document is the best evidence.  Defendant denies the remainder of the allegations in Paragraph 59 of the FAC as written.

60.     Defendant admits that Central Control provided management service for a time to Provider Health Services and other entities, and that Dennis Simoneaux was for a time employed by Central Control and, at a different, previous time, was employed by Provider Health Services. Defendant denies the remainder of the allegations in Paragraph 60 of the FAC as written.

61.     Defendant admits that Plaintiff had an employment contract, and that notices under

the contract were to be sent to Provider Health Services, and asserts that the document is the best evidence.  Defendant admits Plaintiff received employment, compliance, and benefit information and training from Provider Health Services. Defendant denies the remainder of the allegations in Paragraph 61 of the FAC as written.

62.     Defendant admits it shared some of the same members with the other Defendants, and that Provider Health Services provided employment policies, accounting, benefits, and compliance training to Louisiana PHS and other state entities.  Defendant denies the remainder of the allegations in Paragraph 62 of the FAC as written.

63.     The allegations contained in Paragraph 63 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant admits Provider Health Services and Louisiana PHS are enterprises under the FLSA. Defendant denies the remainder of the allegations.

64.     The allegations contained in Paragraph 64 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant admits Provider Health Services and Louisiana PHS are enterprises under the FLSA. Defendant denies the remainder of the allegations.

65.     The allegations contained in Paragraph 65 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant admits Provider Health Services and Louisiana PHS are enterprises under the FLSA. Defendant denies the remainder of the allegations.

66.     The allegations contained in Paragraph 66 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant admits Plaintiff was an employee under the FLSA.  Defendant denies the remainder of

the allegations.

67.     The allegations contained in Paragraph 67 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

68.     Defendant denies the allegations in Paragraph 68 of the FAC as written.

69.     Defendant denies the allegations in Paragraph 69 of the FAC as written

70.     The allegations contained in Paragraph 70 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

71.     Defendant denies the allegations in Paragraph 71 of the FAC as written.

### V.  CAUSES OF ACTION
### COUNT 1
### VIOLATIONS OF THE FLSA

72.     Defendant incorporates the foregoing admissions/denials in response to Paragraph 72 of the FAC.

73.     The allegations contained in Paragraph 73 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

74.     The allegations contained in Paragraph 74 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

75.     Defendant admits that Louisiana PHS directed how Plaintiff was to be paid as per the employment contract.   Defendant denies the remainder of the allegations contained in Paragraph 75 of the FAC as written.

76.     Defendant denies the allegations in Paragraph 76 of the FAC as written.

77.     Defendant denies the allegations in Paragraph 77 of the FAC as written.

78.     Defendant denies the allegations in Paragraph 78 of the FAC as written.

79.     Defendant denies the allegations in Paragraph 79 of the FAC as written.

80.     Defendant denies the allegations in Paragraph 80 of the FAC as written.

81.     Defendant denies the allegations in Paragraph 81 of the FAC as written.

82.     Defendant denies the allegations in Paragraph 82 of the FAC as written.

83.     The allegations contained in Paragraph 83 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

84.     The allegations contained in Paragraph 84 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

85.     Defendant denies the allegations in Paragraph 85 of the FAC as written.

86.     Defendant denies the allegations in Paragraph 86 of the FAC as written.

**COUNT 2**
**RETALIATION IN VIOLATION OF THE FLSA**
**29 U.S.C. § 215(A)(3)**

87.     Defendant incorporates the foregoing admissions/denials in response to Paragraph 87 of the FAC.

88.     The allegations contained in Paragraph 88 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

89.     Defendant denies the allegations in Paragraph 89 of the FAC as written.

90.     Defendant denies the allegations in Paragraph 90 of the FAC as written.

91.     Defendant denies the allegations and relief sought in Paragraph 91 of the FAC as written.

**COUNT 3**
**VIOLATIONS OF THE LWPA – UNPAID WAGES**
**LA R.S. 23:631 ET. SEQ.**

92.     Defendant incorporates the foregoing admissions/denials in response to Paragraph 92 of the FAC.

93.     The allegations contained in Paragraph 93 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

94.     Defendant denies the allegations in Paragraph 94 of the FAC as written.

95.     Defendant denies the allegations in Paragraph 95 of the FAC as written.

96.     The allegations contained in Paragraph 96 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

97.     Defendant denies the allegations in Paragraph 97 of the FAC as written.

98.     Defendant denies the allegations in Paragraph 98 of the FAC as written.

99.     Defendant denies the allegations in Paragraph 99 of the FAC as written.

100.     Defendant denies the allegations and relief sought in Paragraph 100 of the FAC as written.

**COUNT 4**
**VIOLATIONS OF THE LWPA –UNLAWFUL DEDUCTIONS, FINES AND PENALTIES**
**LA R.S. § § 23:634 AND 635**

101.     Defendant incorporates the foregoing admissions/denials in response to Paragraph

101 of the FAC.

102.    The allegations contained in Paragraph 102 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

103.    The allegations contained in Paragraph 103 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

104.    Defendant denies the allegations in Paragraph 104 of the FAC as written.

105.    Defendant denies the allegations in Paragraph 105 of the FAC as written.

106.    Defendant denies the allegations and relief sought in Paragraph 106 of the FAC as written.

## COUNT 5
### VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT
### LA R.S. § 51:1401, ET SEQ.

107.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 107 of the FAC.

108.    The allegations contained in Paragraph 108 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

109.    Defendant denies the allegations in Paragraph 109 of the FAC as written.

110.    Defendant denies the allegations in Paragraph 110 of the FAC as written.

111.    Defendant denies the allegations and relief sought in Paragraph 111 of the FAC as written.

## COUNT 6
### CONVERSION AND MISAPPROPRIATION

112.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 112 of the FAC.

113.    Defendant denies the allegations in Paragraph 113 of the FAC as written.

114.    Defendant denies the allegations and relief sought in Paragraph 114 of the FAC as written.

## COUNT 7
### BREACH OF CONTRACT AND DETRIMENTAL RELIANCE, AND ALTERNATIVE CLAIM OF UNJUST ENRICHMENT

115.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 115 of the FAC.

116.    Defendant denies the allegations in Paragraph 116 of the FAC as written.

117.    Defendant denies the allegations in Paragraph 117 of the FAC as written.

118.    Defendant denies the allegations in Paragraph 118 of the FAC as written.

119.    Defendant denies the allegations in Paragraph 119 of the FAC as written.

## COUNT 8
### QUANTUM MERUIT

120.    Defendant denies the allegations in Paragraph 120 of the FAC as written.

## VI. COLLECTIVE ACTION ALLEGATIONS – 29 U.S.C. § 216(B)

121.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 121 of the FAC.

122.    The allegations contained in Paragraph 122 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

123.    The allegations contained in Paragraph 116 of the FAC contain legal conclusions

which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

124.    The allegations contained in Paragraph 124 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

125.    The allegations contained in Paragraph 125 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

126.    The allegations contained in Paragraph 126 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

127.    The allegations contained in Paragraph 127 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

128.    The allegations contained in Paragraph 128 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

129.    The allegations contained in Paragraph 129 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

130.    The allegations contained in Paragraph 130 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

131.    The allegations contained in Paragraph 131 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

132.    The allegations contained in Paragraph 132 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

133.    The allegations contained in Paragraph 133 of the FAC are denied.

134.    The allegations contained in Paragraph 134 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

## VII.        RULE 23 CLASS ACTION ALLEGATIONS

135.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 135 of the FAC.

136.    The allegations contained in Paragraph 136 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

137.    The allegations contained in Paragraph 137 of the FAC do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

138.    The allegations contained in Paragraph 138 of the FAC do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

139.    The allegations contained in Paragraph 139 of the FAC do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

140.    The allegations contained in Paragraph 140 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

141.    The allegations contained in Paragraph 141 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

### A.  Causes of Action for Rule 23 Class Members

#### 1.  *Violations of the LWPA*

142.    The allegations contained in Paragraph 142 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

143.    The allegations contained in Paragraph 143 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

#### 2.  *Conversion and Misappropriation*

144.    Defendant incorporates the foregoing admissions/denials in response to Paragraph 144 of the FAC.

145.    The allegations contained in Paragraph 145 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

#### 3.  *Breach of Contract/Detrimental Reliance and, Alternatively, Unjust Enrichment*

146.    The allegations contained in Paragraph 146 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required,

Defendant denies the allegations.

147.    The allegations contained in Paragraph 147 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

**4.  *Quantum Meruit***

148.    The allegations contained in Paragraph 148 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

**B.  Requirements for Rule 23 Class Action are Satisfied**

**1.  *Numerosity of the Class***

149.    The allegations contained in Paragraph 149 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

150.    The allegations contained in Paragraph 150 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

**2.  *Questions of Law or Fact Common to the Class***

151.    The allegations contained in Paragraph 151 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

152.    The allegations contained in Paragraph 152 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

153.    The allegations contained in Paragraph 153 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

154.    The allegations contained in Paragraph 154 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

155.    The allegations contained in Paragraph 155 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

### 3.  *Plaintiff's Claims are Typical of the Claims of the Class*

156.    The allegations contained in Paragraph 156 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

157.    The allegations contained in Paragraph 157 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

158.    The allegations contained in Paragraph 158 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

### 4.  *Fair and Adequate Protection of Class Interests*

159.    The allegations contained in Paragraph 159 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

160.     The allegations contained in Paragraph 160 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

161.     The allegations contained in Paragraph 161 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations.

## VIII.     DAMAGES SOUGHT

### A.  Plaintiff's Individual Damages

162.     The allegations and claim for relief contained in Paragraph 162 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations and claim for relief.

163.     The allegations and claim for relief contained in Paragraph 163 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations and claim for relief.

164.     The allegations and claim for relief contained in Paragraph 164 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations and claim for relief.

### B.  FLSA Collective Action Damages

165.     The allegations and claim for relief contained in Paragraph 165 of the FAC contain legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations and claim for relief.

### C.  Rule 23 Class Action Damages

166.     The allegations and claim for relief contained in Paragraph 166 of the FAC contain

legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies the allegations and claim for relief.

## IX. RELIEF SOUGHT

167.    The allegations and prayer for relief contained in Paragraph 167 of the FAC are denied.

## X.  DEMAND FOR TRIAL BY JURY

168.    The allegations contained in Paragraph 168 of the FAC need no response.

Wherefore, Defendant prays that this answer be deemed good and sufficient and that, after due proceedings, there be judgment in Defendant's favor, and against Plaintiff, dismissing the suit at Plaintiff's cost, and that Defendant be granted such other relief as justice and equity may require and permit.


Date: May 9, 2022                          */s/ Eric R. Miller*
                                           **ERIC R. MILLER, T.A.**
                                           Louisiana State Bar Number 21359
                                           THE KULLMAN FIRM APLC
                                           4605 Bluebonnet Blvd., Suite A
                                           Baton Rouge, Louisiana 70809
                                           T: (225) 906-4250
                                           F: (225) 906-4230
                                           E: EM@kullmanlaw.com


                                           **MINA R. GHANTOUS**
                                           Louisiana State Bar Number 38627
                                           THE KULLMAN FIRM APLC
                                           1100 Poydras Street, Ste. 1600
                                           New Orleans, LA 70163
                                           Telephone: (504) 524-4162
                                           Facsimile:  (504) 596-4114
                                           Email: MRG@kullmanlaw.com

                                           **COUNSEL FOR DEFENDANT,**
                                           **CENTRAL CONTROL, LLC**

## CERTIFICATE OF SERVICE

I certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

Casey Rose Denson
Justine G. Daniel
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115

Kenneth C. Bordes
**Kenneth C. Bordes, Attorney at Law, LLC**
2725 Lapeyrouse Street
New Orleans, LA 70119

/s/ Eric R. Miller
ERIC R. MILLER